# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

ROSHENE HINKLE, )
 )
        Petitioner, )
vs. ) 2:10-cv-317-JMS-DKL
 )
RICHARD BROWN, )
 )
        Respondent. )

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Roshene Hinkle for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue. Also, because the record is sufficient to permit the proper disposition of the action, Hinkle's motion to further expand the record [22] is **denied.**

## The Petition for Writ of Habeas Corpus

Hinkle was convicted in an Indiana state court of burglary, armed robbery, criminal confinement, carjacking and theft. Hinkle's convictions were affirmed on appeal in *Hinkle v. State*, No. 27A05-0811-CR-641 (Ind.Ct.App. 2009).

Hinkle seeks habeas corpus relief based on his claims that the evidence was insufficient to support his convictions and that the trial court committed fundamental error in failing to give a limiting instruction.

"[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005). A state prisoner who seeks habeas corpus relief must fully and fairly present his federal claims to the state courts before he files his federal habeas petition. *See Sturgeon v. Chandler*, 552 F.3d 604, 610 (7th Cir. 2009). The failure to do so constitutes either a failure to exhaust state court remedies—if remedies remained available—or procedural default—if the opportunity to present the claim to the state courts has passed. *Verdin v. O'Leary,* 972 F.2d 1467, 1472 (7th Cir. 1992). It is this latter phenomenon which is conclusive as to the proper outcome in the present case.

Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied*, 508 U.S. 962 (1993). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and

prejudice (*i.e.*, the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also Smith,* 598 F.3d at 387–88.

Hinkle committed procedural default with respect to the claims in his habeas petition. Specifically, these were claims asserted in Hinkle's direct appeal, but he did not seek transfer of that decision invoking the discretionary review of the Indiana Supreme Court. His failure to do so constitutes his procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary.").

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). One of these is the doctrine of procedural default. That is the barrier Hinkle faces here and he has failed to overcome that barrier. His habeas petition must therefore be **denied.**

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Hinkle has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 08/12/2011

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana